## McIlvain, Appellant, *v.* Wallace.

*Corporations—Winding up—Officers—Compensation for services.*

Where all parties interested in the winding up of a corporation, agree that one of the officers of the company shall settle its affairs, such officer is entitled to compensation for his services, and three per cent on $60,000 passing through his hands, is not an unreasonable amount for services rendered. In such a case the fact that the officer may have received compensation for other services from other employers, is immaterial.

Argued April 21, 1911. Appeal, No. 142, April T., 1911, by plaintiffs from decree of C. P. No. 2, Allegheny Co., Oct. T., 1908, No. 941, dismissing bill in equity in case of Edward J. McIlvaine and S. B. Goucher v. Arthur L. Wallace and Sharpsburg Sand Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction and to compel payment of a certain sum of money.

FRAZER, P. J. filed the following opinion on exceptions:

The questions in this case are (1) the right of the defendant, Arthur L. Wallace, to compensation for his services in settling the affairs of the Sharpsburg Sand Company, and (2) the amount of such compensation, if he is entitled to receive any. These questions were fully considered by us at the time of preparing our findings of fact and conclusions of law, and the argument on these exceptions has not convinced us that either should be changed or modified.

In substance these proceedings show that on March 25, 1907, plaintiffs and Robert Jenkins, Jr., entered into an agreement in writing whereby they agreed to sell and deliver fifty-five per cent of the capital stock of the Sharpsburg Sand Company to the Iron City Sand Company and Edward Davidson, Jr., at the price of $78.00 per share, less the amount required to pay the indebtedness of the Sharpsburg Sand Company. To provide for the liquidation of the indebtedness of the company it was agreed that the books of the company should be closed, and outstanding accounts collected and all bills paid, and further that the sum of $29.97 cash should be placed in the hands of the defendant Wallace to pay the outstanding claims of the company remaining unpaid after the accounts due it had been collected by Wallace and the funds received by him applied to the indebtedness. Wallace received the money, deposited it in bank in his name as trustee, and proceeded

at once to close the books of the company, collect the accounts due it, and pay its indebtedness. This required considerable time and labor upon his part. The sale of the stock was contingent upon the payment of the debts of the company. Consequently the duty of clearing the company of debts and liabilities primarily devolved upon plaintiffs. They must either attend to that duty personally or employ someone to discharge it for them. This latter, we think, they did when they requested Wallace to act in the matter. The settlement of the affairs of the Sharpsburg Sand Company was not part of his duties as bookkeeper for the Iron City Sand Company. Under these circumstances, and especially as the consent for him to do so was obtained from his employer, the Iron City Sand Company, before becoming the agent for plaintiffs, we see no reason why he should not be paid by plaintiffs for the services rendered them. Being entitled to compensation, we are of opinion the amount fixed in the findings of fact and conclusions of law is reasonable.

The objection urged at the argument to Wallace having had assigned to himself several of the accounts aggregating about $1,800, which he paid out of the trust fund, is overcome by the release of all claim against either the fund or the company since filed by Wallace.

And now, January 31, 1911, exceptions overruled.

*Error assigned* was decree dismissing the bill.

*W. W. Stoner*, for appellants.—Where one acts in a dual capacity as agent or servant for two separate employers, nothing less than clear proof of the consent of both employers not merely to double service, but to double compensation, will suffice to validate an express contract with the second employer: Pennsylvania Railroad Co. v. Flanigan, 112 Pa. 558; Everhart v. Searle, 71 Pa. 256; Beeson's App. 2 At. Repr. 683.

*T. P. Trimble*, of *Trimble & Chalfant*, for appellees.—Before plaintiffs were entitled to file their bill at all they

were bound to do equity, and this they did not do, when they refused to pay Arthur L. Wallace for his services: Freeland v. Oil Co., 189 Pa. 54; McCune v. Lytle, 197 Pa. 404.

The authority for recovery upon an implied contract is found in the following cases: Wolcott v. Schwarz, 4 Walker, 304; Hertzog v. Hertzog, 29 Pa. 465; Kidder v. Boom Co., 24 Pa. 193.; Penna. R. R. Co. v. Flanigan, 112 Pa. 558.

OPINION BY ORLADY, J., July 13, 1911:

This bill was filed for the purpose of enjoining the defendants from disposing of some shares of the capital stock of the Sharpsburg Sand Company, and to require Arthur L. Wallace to make payment of certain of its indebtedness. After a hearing on the bill, answer and proofs, the court filed its findings of fact and conclusions of law, to which exceptions were filed, and after a full argument, a decree was entered in favor of the defendant Wallace. A large number of the assignments of error challenge the accuracy of the findings of fact. We have carefully examined all the testimony adduced at the hearing.

The crucial point of the whole case is the right of the defendant, Arthur L. Wallace, to compensation for his services rendered by him in settling the affairs of the Sharpsburg Sand Company. It was established beyond question that the business affairs of this company were adjusted and discharged by Wallace under an agreement of all the parties interested in this controversy, and it does not make any difference to these plaintiffs whether Mr. Wallace was receiving compensation for other services from other employers, or not. Mr. Goucher, one of the plaintiffs, testified that while the Iron City Company "asked for Mr. Wallace to collect the assets of the Sharpsburg Sand Company and pay its obligations," he and Mr. McIlvain consented to that. Further, it is not disputed that the services were necessary, and it follows as a busi-

ness conclusion, as well as a conclusion of law, that having rendered services at the direction of, or with the consent of the plaintiffs, as well as for their benefit that he is entitled to a reasonable compensation therefor which has been fairly ascertained by the court.

Every question raised by the assignments of error was properly disposed of by Judge FRAZER in his opinion which was filed in overruling the exceptions to his findings of fact and conclusions of law. The decree is affirmed.